## STATE vs. CHARLES BUTLER.

A dog registered under the charter of the Town of Dover, is not the subject of larceny; but would be if registered with the Clerk of the Peace for Kent County, under the act of February 25, 1897 (*Rev. Code, 399*), which expressly makes any dog so registered personal property and the subject of larceny.

(*April 27, 1899.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Peter L. Cooper, Jr.,* Deputy Attorney-General for State.

*John D. Hawkins,* for defendant.

Court of General Sessions, Kent County, April Term, 1899.

Indictment for the larceny of a dog and a dog collar, the property of Vaughan S. Collins. The evidence against the defendant was circumstantial. The keeper of the dog testified that he tied the dog early in the evening to its kennel; that at that time it had on a collar, with a chain attached to it, and a lock; that when he went out a few minutes later to feed the dog, it was gone, as was also the collar, lock and chain. One witness testified that on the afternoon of the day the dog was missed (which was early in the evening) he heard the defendant say " I am going to steal Collins' dog to-night." Another witness testified that he saw the defendant the same night at the depot in Dover leading by a string a dog answering the description of the missing animal, and that he sold a ticket for Wilmington, Delaware, covering ten persons, including the defendant. The conductor of the train testified that he saw a dog of the same description on the train going to Wilmington the same night in the possession of four men, but did not connect the defendant with the possession of the same. He afterwards saw the dog in the possession of Mr. Collins, the owner, in Wilmington, where it was recovered by the police of said city, and that it then had no collar upon it. None of the witnesses testified that they

saw a collar on the dog which was in the possession of the defendant.

Defendant's counsel offered no proof, but asked the Court to instruct the jury that under the statute (*Rev. Code, 399*), the dog was not the subject of larceny; and that as there was no evidence to connect the defendant with the larceny of the collar the jury should render a verdict of not guilty.

The State opposed the giving of the above instructions.

LORE, C. J., charging the jury:

Gentlemen of the jury:—Larceny is the felonious taking and carrying away of the personal property of another, with intent to convert it to the taker's use, without the owner's consent. The dog, which it is claimed was taken in this case, was not the subject of larceny. This dog was not registered with the Clerk of the Peace for Kent County under the act of February 25, 1879 (*Rev. Code, 399*), which expressly made any dog so registered personal property and the subject of larceny, but was registered under the charter of the town of Dover, which contains no such provision and is merely a police regulation, leaving the dog as at common law not the subject of larceny.

As stated above, you may dismiss from your minds all consideration as to the dog, yet if from the testimony in this case you believe that when the dog was taken it was taken by this defendant and that he took with the dog the collar and the lock which were upon it, the collar and the lock were the subjects of larceny, and if you believe he took them with the felonious intent to convert them to his own use without the consent of the owner, then your verdict should be guilty. It is not for you to consider whether the articles taken be of little or great value; that is a matter coming within the discretion of the Court only as to the punishment.

Your only duty is to say, whether or not, from the evidence in this case, you believe that this man feloniously took that collar;

that you must determine from the evidence.    If you do so believe, your verdict should be guilty, otherwise, not guilty.

Verdict, not guilty.